# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01424-MSK

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

    Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION,
a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM,
a Nevada limited liability company.

    Defendants.

---

## PLAINTIFF BELCARO GROUP, INC.'S RESPONSE TO DEFENDANTS QUIBIDS LLC AND QUIBIDS HOLDINGS LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................... 4

II.    FACTUAL BACKGROUND ................................................................................. 5

III.   LEGAL STANDARD ............................................................................................. 6

IV.    SAH HAS STATED A PLAUSIBLE CLAIM FOR RELIEF AGAINST QUIBIDS ........ 7

       A.    SAH Has Sufficiently Alleged Each Challenged Element of its Claim
             for Tortious Interference With Contract ................................................. 8

             1.    SAH Alleges Facts Establishing That QuiBids Was Aware
                   of the Turn Two Media Master Agreement. ............................... 8

             2.    SAH Alleges Facts Establishing That QuiBids Intended or Knew That its
                   Actions Would Induce Turn Two Media to Breach the Turn Two Media
                   Master Agreement. ...................................................................... 10

             3.    SAH Has Alleged Facts Establishing That QuiBids Induced Turn Two
                   Media to Breach its Contractual Obligations to SAH. ............. 11

       B.    SAH's Agency Allegations Do Not Defeat its Claim for Tortious Interference
             With Contract ............................................................................................ 12

V.     SAH ALTERNATIVELY MAY PLEAD A CLAIM AGAINST QUIBIDS FOR
       BREACH OF CONTRACT .................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... 3, 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 3, 7

*Bullington v. United Airlines, Inc.*,
   186 F.3d 1301 (10th Cir. 1999) .................................................................................. 9

*Butler v. Colorado Int'l Pancakes, Inc.*,
   510 P.2d 443 (Colo. Ct. App. 1973) ......................................................................... 12

*Clyne v. Walters*,
   No. 08-cv-01646-MSK-CBS, 2009 WL 2982842 (D. Colo. Sept. 16, 2009) ........... 4

*Dias v. City & County of Denver*,
   567 F.3d 1169 (10th Cir. 2009) .................................................................................. 3

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ...................................................................................................... 3

*G-I Holdings, Inc. v. Baron & Budd*,
   238 F. Supp. 2d 521 (S.D.N.Y. 2002) ...................................................................... 11

*Gann v. Cline*,
   519 F.3d 1090 (10th Cir. 2008) .......................................................................... 3, 7, 8

*Gee v. Pacheco*,
   627 F.3d 1178 (10th Cir. 2010) .................................................................................. 5

*Kennedy v. Williams R. Hudon, Inc.*,
   659 F. Supp. 900 (D. Colo. 1987) .............................................................................. 8

*Koch v. Koch Indus., Inc.*,
   996 F. Supp. 1273 (D. Kan. 1998) ........................................................................... 11

*McCalden v. Cal. Library Ass'n*,
   955 F.2d 1214 (9th Cir. 1990) .................................................................................. 11

*MDM Group Associates, Inc. v. CX Reinsurance Co.*,
   165 P.3d 882 (Colo. App. 2007) ......................................................................... 11, 12

*Mem. Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc.*,
   690 P.2d 207 (Colo. 1964)..................................................................................................4

*Rader v. Elec. Payment Sys., LLC*,
   No. 11-cv-01482-MSK-CBS, 2012 WL 4336175 (D. Colo. Sept. 21, 2012) ..........................4

*Rodi v. S. New England School of Law*,
   389 F.3d 5 (1st Cir. 2004)....................................................................................................9

*Skyline Potato Co. v. Rogers Bros. Farms, Inc.*,
   No. 10-cv-02353-WJM-KLM, 2011 WL 2791531 (D. Colo. Jul. 15, 2011) ..........................11

*Slater Numismatics, LLC v. Driving Force, LLC*,
   --- P.3d ---- COA 103, 2012 WL 2353847 (Colo. App. Jun. 21, 2012)...............................4, 7

*Trimble v. City & County of Denver*,
   697 P.2d 716 (Colo. 1985)..................................................................................................4

*W. Distrib. Co. v. Diodosio*,
   841 P.2d 1053 (Colo. 1992)...............................................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8............................................................................................................... passim

Fed. R. Civ. P. 8(a)(2) ............................................................................................................3

Fed. R. Civ. P. 8(d)(2)............................................................................................................3

RESTATEMENT (SECOND) OF TORTS § 766 (1977)............................................................ 4, 7, 8, 9

Plaintiff Belcaro Group, Inc. d/b/a ShopAtHome.com ("SAH"), by and through its attorneys Michael Elkin, Jennifer Golinveaux, and Fairfield and Woods, P.C., responds to the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (the "Motion") of QuiBids LLC and QuiBids Holdings LLC (collectively, "QuiBids") as follows.

## I.   INTRODUCTION

The Motion is a transparent dilatory tactic, and should be denied. SAH alleges facts sufficient to state a claim for tortious interference with contract against QuiBids. Although QuiBids has submitted an affidavit to this Court asserting that Turn Two Media LLC has never acted as an agent for QuiBids, and even asserts in its own Motion that it disputes the issue of agency, QuiBids now seeks to dismiss SAH's claim on the basis of SAH's allegation that Turn Two Media was acting as its agent for purposes of certain disclosures. In other words, QuiBids is seeking to use agency as both a sword and a shield. QuiBids' Motion should be denied because SAH has sufficiently plead tortious interference under Rule 8.[1] SAH's claim for tortious interference with contract includes allegations supporting an interference that QuiBids knew that its actions would induce Turn Two Media to breach its contractual obligations to SAH. SAH alleges that: (1) QuiBids made false statements to Turn Two Media regarding SAH, and (2) QuiBids refused to pay Turn Two Media for SAH's services. These allegations are sufficient to support a plausible claim for relief against QuiBids for tortious interference under Colorado law, and the claim should stand.[2]

---

[1] This and all further statutory references are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] QuiBids' motion to dismiss originally challenged personal jurisdiction, but QuiBids has since withdrawn its jurisdictional challenge. (Dkt. No. 17, 7/16/13.)

## II. FACTUAL BACKGROUND

SAH is an online loyalty site for online shoppers. (Compl. (Dkt. No. 1) ¶ 11.) SAH enters into agreements with networks and merchants to promote certain content and offers cash rebates for some online purchases to members who meet certain eligibility criteria. (*Id.*) QuiBids is an online retail website that operates as a bidding fee auction, also known as a penny auction. (*Id.* ¶ 13.)

Since at least October 2010, SAH has promoted various QuiBids' offers and advertisements through agreements entered into with networks acting on QuiBids' behalf, including (among others) Turn Two Media. (*Id.* ¶ 14.) Specifically, on or about September 13, 2010, Turn Two Media and SAH executed a "Master Terms and Conditions" agreement (the "Turn Two Media Master Agreement") whereby SAH agreed to promote Turn Two Media's offers, including offers for which Turn Two Media was "acting on behalf of third party advertising agencies, marketers, and others." (*Id.* ¶ 15; Compl. Ex. 3 (Dkt. No. 1-3) at 1.)

In or around November 2012, Turn Two Media deactivated its QuiBids' offer for SAH. (Compl. ¶ 18.) QuiBids falsely told Turn Two Media that SAH had committed fraud. (*Id.* ¶ 55.) QuiBids further withheld payment from Turn Two Media on the basis of this purported fraud. (*Id.* ¶¶ 22, 55.) As a result, Turn Two Media refused to pay a portion of an outstanding invoice from SAH dated September 2012—approximately $13,650.00 of the total $17,500.05 invoiced for that month. (*Id.* ¶ 22.) Turn Two Media informed SAH it would pay the outstanding amount of the invoice only if it received payment from QuiBids. (*Id.* ¶ 22.)

In short, QuiBids induced Turn Two Media to breach the Master Terms and Conditions agreement between SAH and Turn Two Media by falsely telling Turn Two Media that SAH was

5

committing fraud <u>and</u> by wrongfully withholding payment owed to Turn Two Media for SAH's promotion of QuiBids' offers and advertisements. (*Id.* ¶¶ 50-58.) Based on these facts, SAH asserts a claim against QuiBids for tortious interference with contract. (*Id.*)

### III. LEGAL STANDARD

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As long as a plausible claim is pleaded, the complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. On a motion to dismiss, the Court "assume[s] the truth of all well-pleaded facts in the plaintiffs' complaint." *Dias v. City & County of Denver*, 567 F.3d 1169, 1174 (10th Cir. 2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (court must "accept as true all well-pleaded allegations of a plaintiff's complaint and view them in the light most favorable to the non-moving party").

"A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P.

6

8(d)(2); *see also Rader v. Elec. Payment Sys., LLC*, No. 11-cv-01482-MSK-CBS, 2012 WL 4336175, at *5 (D. Colo. Sept. 21, 2012) ("By the time of trial, [the plaintiff] may be required to elect whether he intends to proceed on [one theory of liability or another], but at the pleading stage, pleading in the alternative is permitted."); *Clyne v. Walters*, No. 08-cv-01646-MSK-CBS, 2009 WL 2982842, at *3 (D. Colo. Sept. 16, 2009) (plaintiff permitted to plead logically inconsistent claims of breach of contract and unjust enrichment in the alternative).

## IV.  SAH HAS STATED A PLAUSIBLE CLAIM FOR RELIEF AGAINST QUIBIDS

Colorado has adopted the definition of tortious interference with contract contained in the RESTATEMENT (SECOND) OF TORTS, § 766. *Trimble v. City & County of Denver*, 697 P.2d 716, 725-26 (Colo. 1985) (*superseded on other grounds by statute*); *Mem. Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc.*, 690 P.2d 207, 210 (Colo. 1964); *Slater Numismatics, LLC v. Driving Force, LLC*, --- P.3d ----, 2012 COA 103, 2012 WL 2353847, at *4 (Colo. App. Jun. 21, 2012). Under the RESTATEMENT,

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

RESTATEMENT (SECOND) OF TORTS § 766 (1977). SAH has alleged facts supporting each element of this cause of action.

### A. SAH Has Sufficiently Alleged Each Challenged Element of its Claim for Tortious Interference With Contract.

Element 1[3]:  QuiBids was aware of Turn Two Media's contractual obligations to SAH. This element is supported by facts alleged in paragraphs 14-15, 22, 52, and 55 of SAH's Complaint.

Element 2:  QuiBids acted with the requisite intent to interfere with the contract between SAH and Turn Two Media.  This element is supported by facts alleged in paragraphs 22, 23, and 53-55.

Element 3:  QuiBids induced Turn Two Media to interfere with the contract between SAH and Turn Two Media.  This element is supported by facts alleged in paragraphs 22, 23, and 53-55.

Element 5:  SAH disputes that the lack of an agency relationship between QuiBids and Turn Two Media is an element it has the burden of establishing.  Rather, this is an affirmative defense that QuiBids must assert, as explained in more detail below.

#### 1. SAH Alleges Facts Establishing That QuiBids Was Aware of the Turn Two Media Master Agreement.

SAH's allegations support that QuiBids was aware of the contractual relationship between SAH and Turn Two Media.  *See Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[3] These elements correspond to the elements identified in QuiBids' Motion at pages 18-19.

8

SAH's Complaint contains specific facts supporting its allegation that "QuiBids is aware of [the Turn Two Media Master Agreement]" (Compl. ¶ 52). SAH alleges that it promoted offers and advertisements on behalf of QuiBids through agreements it entered into with Turn Two Media, among other networks. (*Id.* ¶¶ 14-15.) Moreover, SAH alleges that QuiBids told Turn Two Media that SAH was committing fraud and refused to pay Turn Two Media for its placement of certain offers and advertisements with SAH. (*Id.* ¶¶ 22, 55.) In other words, SAH alleges that QuiBids made payments to Turn Two Media knowing that Turn Two Media was in turn making payments to SAH in exchange for SAH's promotion of QuiBids. These specific factual allegations establish that QuiBids knew that Turn Two Media was placing its offers and advertisements with SAH. SAH has thus alleged facts that are more than enough to give rise to an inference that QuiBids had knowledge of the contractual relationship between SAH and Turn Two Media.

QuiBids' motion is devoid of any authority supporting its argument that SAH has not sufficiently alleged Quibids' knowledge of the contractual relationship. QuiBids' argument on this point is limited to a single conclusory sentence ("SAH does not allege facts establishing that QuiBids was aware of the contract between SAH and Turn Two"). (Motion (Dkt. No. 13) at 18.) As explained above, the Complaint is rife with facts establishing that QuiBids was aware of the contractual relationship between SAH and Turn Two Media. Therefore, SAH has sufficiently alleged that QuiBids was aware of the contract at issue.

9

### 2. SAH Alleges Facts Establishing That QuiBids Intended or Knew That its Actions Would Induce Turn Two Media to Breach the Turn Two Media Master Agreement.

A defendant acts with the requisite intent for purposes of tortious interference with contract when it "act[s] either for the primary purpose of interfering with the performance of the plaintiff's contract, <u>or knowing that the interference was certain or substantially certain to occur as a result of the defendant's action</u>." *Slater Numismatics*, *supra*, --- P.3d ----, 2012 COA 103, 2012 WL 2353847, at *9 (emphasis added); RESTATEMENT (SECOND) OF TORTS § 766, cmt. j (defendant is liable if it "does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action").

SAH's claim for tortious interference with contract must survive if SAH has alleged facts supporting a "plausible" inference that QuiBids intentionally induced Turn Two Media to breach its contractual obligations to SAH. *See Twombly*, 550 U.S. at 570. All that is required at this stage is that "[t]he complaint . . . plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." *Gann*, *supra*, 519 F.3d at 1092 (quoting *Twombly*, 550 U.S. at 556).

SAH alleges facts from which the Court can plausibly infer that QuiBids intended to interfere with Turn Two Media's contractual obligations to SAH. The Complaint alleges that Turn Two Media breached the Turn Two Media Master Agreement for two reasons: (1) QuiBids refused to pay Turn Two Media for SAH's advertising, and (2) QuiBids falsely told Turn Two Media that SAH was committing fraud. SAH further alleges that "Turn Two Media informed SAH that it would only pay the outstanding amount of the invoice if it received payment from

QuiBids."  (Compl. ¶ 22.)  SAH thus concludes that "QuiBids <u>intentionally</u>, tortiously, and unjustly induced Turn Two Media to breach the Turn Two Media Master Agreement."  (Compl. ¶ 54 (emphasis added).)  Based on these facts, there are plausible grounds that discovery will reveal that QuiBids took these actions with the primary purpose or knowledge that they would result in Turn Two Media breaching its contractual obligations to SAH.

*Kennedy v. Williams R. Hudon, Inc.*, 659 F. Supp. 900, 901 (D. Colo. 1987), upon which QuiBids relies, is inapposite because the court there was ruling on a motion for summary judgment.  SAH's burden on a motion to dismiss is much lower, requiring only that SAH state a plausible claim for relief.  While QuiBids asserts that the alleged facts are consistent with QuiBids protecting itself from fraudulent activity (Motion at 20-21), the facts are equally consistent with an intent to cause Turn Two Media to breach its agreement with SAH.  A motion to dismiss is not the appropriate vehicle for arguing conflicting inferences that may arise out of the facts alleged, and in any event the Court must draw all reasonable inferences in favor of SAH at this stage.  *Gann*, 519 F.3d at 1092.  Therefore, SAH has sufficiently alleged the element of intent.

### 3. SAH Has Alleged Facts Establishing That QuiBids Induced Turn Two Media to Breach its Contractual Obligations to SAH.

"The word 'inducing' refers to situations in which A causes B to choose one course of conduct rather than another.  Whether A causes the choice by persuasion or by intimidation, B is free to choose the other course if he is willing to suffer the consequences."  RESTATEMENT (SECOND) OF TORTS § 766, cmt. h.  Here, SAH alleges that "Turn Two Media informed SAH that it would only pay the outstanding amount of the invoice if it received payment from QuiBids." (Compl. ¶ 22.)  This allegation alone would be sufficient to establish that QuiBids induced Turn

11

Two Media to breach the Turn Two Media Master Agreement, but as further support for inducement SAH also alleges that "QuiBids wrongfully interfered with SAH's Master Agreement with Turn Two Media by withholding payment to Turn Two Media and falsely telling Turn Two Media that SAH had committed fraud, <u>which induced Turn Two Media to breach the Turn Two Media Master Agreement</u>." (Compl. ¶ 55 (emphasis added).)

Turn Two Media's breach was not "a mere incidental consequence of" QuiBids' intentional actions, it was the <u>direct result</u> of those actions. But for QuiBids' withholding of payment from Turn Two Media, Turn Two Media would have performed its contract with SAH. Therefore, SAH has sufficiently alleged that QuiBids induced Turn Two Media to breach the Turn Two Media Master Agreement.

### B. SAH's Agency Allegations Do Not Defeat its Claim for Tortious Interference With Contract.

First, SAH does not have the burden of pleading the absence of an agency relationship between QuiBids and Turn Two Media because lack of an agency relationship is not an element of tortious interference with contract. *See* RESTATEMENT (SECOND) OF TORTS § 766 (1977). Rather, SAH is merely required to allege the existence of a contract between SAH and a third party, as it has done here. *See id.* ("performance of a contract . . . between another and a third person"). Accordingly, agency is an affirmative defense that QuiBids may raise in a motion to dismiss only if the defense appears plainly on the face of the complaint. *See Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999) (*overruled on other grounds*); *Rodi v. S. New England School of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (affirmative defense can be adjudicated on motion to dismiss only if: "(i) the facts establishing the defense are definitively

12

ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude").

SAH's tortious interference claim cannot be dismissed on the basis of QuiBids' agency defense because it is impossible to determine whether and to what extent Turn Two Media was acting as QuiBids' agent at this early stage in the litigation.  The alleged facts establish a business relationship between QuiBids and Turn Two Media that may or may not have risen to the level of agency.  It is clear that this issue is disputed, as QuiBids has submitted an affidavit to this Court asserting that Turn Two Media has never acted as QuiBids' agent.  (Affidavit of Jeffrey L. Geurts (Dkt. No. 13-1) ¶ 16.)  QuiBids further states in its Motion that Turn Two Media was not acting as QuiBids' agent. (Motion at 19.)

Despite QuiBids' insistence that Turn Two Media was never its agent, QuiBids now seeks to dismiss SAH's claim for tortious interference on the basis of an agency relationship between QuiBids and Turn Two Media.  QuiBids does not contend that any specific factual allegations conclusively establish an agency relationship between it and Turn Two Media; rather, QuiBids relies on SAH's assertion of a legal conclusion that Turn Two Media was acting as QuiBids' agent for purposes of having communicated certain disclosures. (Compl. ¶ 14). SAH's assertion of an agency in this context, even if it created an alternative theory of liability, does not require dismissal of SAH's tortious interference claim because SAH has not alleged facts conclusively establishing that Turn Two Media was acting as its agent.  Therefore, QuiBids has not met its burden of establishing this affirmative defense.

Second, in light of Rule 8's liberal pleading policy, "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case."

13

*McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotation marks omitted) (*superseded by rule on other grounds*); *Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM-KLM, 2011 WL 2791531, at *5 (D. Colo. Jul. 15, 2011) (same); *Koch v. Koch Indus., Inc.*, 996 F. Supp. 1273, 1278 (D. Kan. 1998) (same); *see also G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 534-37 (S.D.N.Y. 2002) (tortious interference with contract and tortious interference with prospective economic advantage, although inconsistent, may be pleaded in the alternative).

Here, as the existence and scope of agency has yet to be conclusively determined in this case, SAH has properly alleged facts that support two alternative theories of liability: (1) QuiBids tortiously interfered with the contractual relationship between SAH and Turn Two Media; or (2) QuiBids is alternatively liable for its agent Turn Two Media's breach of the Turn Two Media Master Agreement. The facts, as alleged, are consistent with either scenario. SAH alleges specific facts establishing that QuiBids had a relationship with Turn Two Media whereby Turn Two Media secured advertising and promotions on behalf of QuiBids. (Compl. ¶¶ 14, 15, 18, 22.) Whether and to what extent Turn Two Media was acting as QuiBids' agent or in some other capacity is a legal determination that will be made by the Court or a jury after a fuller showing of the facts and evidence surrounding the relationship. This manner of pleading alternative theories of liability is plainly permitted under Rule 8.[4]

Lastly, QuiBids' reliance on *MDM Group Associates, Inc. v. CX Reinsurance Co.* (Motion at 19-20) is unavailing. In *MDM*, the plaintiff broker sued insurance companies for

---

[4] If facts come to light tending to establish an agency relationship between QuiBids and Turn Two Media sufficient to place QuiBids in Turn Two Media's place for purposes of the contract, SAH will seek leave to amend its complaint to expressly state a claim against QuiBids for breach of contract.

14

mishandling third party insureds' claims, causing the insureds not to renew their policies which in turn caused the broker to lose renewal commissions. 165 P.3d 882, 884-85 (Colo. App. 2007). The court held that the broker had failed to state a cause of action because it had no contract with the insureds themselves; rather, the broker's commissions were received from an underwriter. *Id.* at 887. Here, by contrast, SAH has alleged that QuiBids interfered with SAH's existing contract with third party Turn Two Media. Therefore, *MDM* does not require dismissal of SAH's claim for tortious interference with contract.

In sum, SAH's agency allegation does not defeat its tortious interference claim against QuiBids. QuiBids cannot make out an affirmative defense based on the facts alleged, and Rule 8 permits SAH to plead agency in the alternative.

## V. SAH ALTERNATIVELY MAY PLEAD A CLAIM AGAINST QUIBIDS FOR BREACH OF CONTRACT

Although the Complaint does not expressly state a cause of action for breach of contract against QuiBids, SAH does allege facts establishing that Turn Two Media breached the Turn Two Media Master Agreement. Under Colorado law, the elements of a claim for breach of contract are: (1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Here, SAH alleges facts supporting each of these elements: (1) SAH entered into an agreement with Turn Two Media (Compl. ¶¶ 15, 51; Ex. 3), (2) SAH provided services to Turn Two Media under this contract (*id.* ¶¶ 14, 15), (3) Turn Two Media failed to perform by refusing to pay SAH $13,650.00 (*id.* ¶¶ 22, 53), and (4) SAH was damaged as a result (*id.* ¶ 56). As Turn Two Media's principal, QuiBids would be liable for breach of contract. *Butler v. Colorado Int'l*

15

*Pancakes, Inc.*, 510 P.2d 443, 444-45 (Colo. Ct. App. 1973) (affirming judgment against franchisor for breach of sales contract by franchisee where conduct established principal-agency relationship making franchisor liable to plaintiff.)  SAH may ultimately seek leave to amend its complaint to explicitly add a claim for breach of contract against QuiBids.  As it stands, however, SAH should be allowed to pursue its claim for tortious interference because the alleged facts are sufficient to make out a plausible claim against QuiBids.

QuiBids seeks to obtain dismissal of SAH's claim for tortious interference by relying on a purported agency relationship between it and Turn Two Media while simultaneously disclaiming that Turn Two Media was acting as its agent.  QuiBids should not be permitted to wield SAH's agency allegation as both a sword and a shield.  Such an attack on SAH's alternative theories of liability is not permitted by Rule 8.  SAH's Complaint contains factual allegations sufficient to state a claim against QuiBids for tortious interference with contract.  As such, QuiBids' Motion should be denied.

WHEREFORE, Plaintiff Belcaro Group, Inc. d/b/a ShopAtHome.com prays that the Court deny QuiBids' motion to dismiss in its entirety, and grant SAH such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of July, 2013.

> Jennifer A. Golinveaux
> **WINSTON & STRAWN LLP**
> 101 California Street
> San Francisco, CA  94111
> jgolinveaux@winston.com
> (415) 591-1506 (Telephone)
> (415) 591-1400 (Facsimile)

Michael S. Elkin
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY  10166-4193
melkin@winston.com
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Erin R. Ranahan
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA  90071-1543
eranahan@winston.com
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

FAIRFIELD AND WOODS, P.C.

By:   *s/ John M. Tanner*
          John M. Tanner
John M. Tanner
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Telephone:  (303) 830-2400
Facsimile:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorneys for Plaintiff
BELCARO GROUP, INC., d/b/a
SHOPATHOME.COM
5575 DTC Parkway
Suite 300
Greenwood Village, CO  80130

## CERTIFICATE OF SERVICE

  I hereby certify that on July 22, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

                By:  *s/ Kristin J. Hurley*
                    Kristin J. Hurley