**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-1424-MSK

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

  Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC., f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
  RAPID RESPONSE MARKETING LLC, f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company,

  Defendants.

_____

**CIVIL SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL
AND PRO SE PARTIES**

Date of Rule 26(f) Conference of counsel: 8/14/13
Date of Scheduling Conference: 9/6/13

***Attorneys for Plaintiff Belcaro Group, Inc., d/b/a ShopAtHome.com ("SAH"):***
[have all appeared]

John M. Tanner
Fairfield And Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
Email: Jtanner@fwlaw.com

Michael S. Elkin
Winston & Strawn LLP
200 Park Avenue

New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1506
Email:  jgolinveaux@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Email:  eranahan@winston.com

***Attorneys for Defendants QuiBids LLC & QuiBids Holdings LLC***[1]
[have all appeared]

Gregory T. Metcalfe, OK Bar # 19526
John M. "Jake" Krattiger, OK Bar # 30617
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK  73102-7101
Telephone: (405) 235-5500
Facsimile:  (405) 235-2875
Email: GMetcalfe@gablelaw.com
Email: JKrattiger@gablelaw.com

Steven Janiszewski
RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS
7979 E Tufts Avenue Parkway, Suite 1300
Denver, CO 80237
Telephone: (303) 298-7392
Facsimile: (303) 298-1319Email: sjaniszewski@riggsabney.com

***Attorneys for Defendant Rapid Response Marketing LLC ("RRM"):***
[have not appeared yet but the a parties have agreed to an extension for RRM to respond until and including September 26, 2013.]

Richard B. Newman
HINCH NEWMAN LLP
1450 Broadway, 35th Floor
New York, NY  10018
Telephone: (212) 756-8777
Email:  rnewman@hinchnewman.com

Charles Mitchell
JIN, SCHAUER & SAAD, LLC
600 Seventeenth Street, Suite 2700 South Tower
Denver, CO 80202
Telephone: (720) 889-2237
Email:  cmitchell@jinslaw.com

***Attorneys for Defendant YTZ International Inc. ("YTZ"):***

---

[1] As of August 30, 2013, QuiBids and SAH have resolved their claims, and thus QuiBids' portions of this statement are not included.

[have all appeared]

Eugene Rome,
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 282-0690
Email: erome@romeandassociates.com

Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Email: lritchie@joneskeller.com
Email: agoldhamer@joneskeller.com

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

## 2. STATEMENT OF JURISDICTION

**SAH's Statement re Jurisdiction:**

This case arises under federal law, including 28 U.S.C. § 1331, because it requires resolution of threatened claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") and under the Declaratory Judgment Act of 28 U.S.C. § 2201. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case or controversy.

Venue and jurisdiction are proper in this District because the agreements under which this dispute arises, and to which YTZ International Inc. ("YTZ") and Rapid Response Marketing ("RRM") agreed on behalf of themselves and as agents for QuiBids, provides that this dispute is governed by and must be brought in Denver, Colorado. [Compl., Exhibits 1 & 2.] Specific personal jurisdiction over QuiBids, RRM, and YTZ is thus proper by virtue of their contractual

agreements and, on information and by virtue of their transacting, operating, and soliciting business in this District.

Separately, jurisdiction is also proper pursuant to diversity, as there is complete diversity between the parties, and based on the demands made by QuiBids in connection with this dispute, the asserted amount in controversy and thus relevant to indemnity exceeds the minimum jurisdictional requirement of $75,000.

Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the action occurred in this District.

**RRM's Statement Re Jurisdiction:**

By participating in the preceding Fed. R. Civ. P. 26(f) meet and confer and in the joint submission of this proposed Civil Scheduling Order, RRM does not waive and hereby expressly reserves its challenges to this Court's personal and subject matter jurisdiction.

**YTZ's Statement Re Jurisdiction:**

By participating in the preceding Fed. R. Civ. P. 26(f) meet and confer and in the joint submission of this proposed Civil Scheduling Order, YTZ does not waive and hereby expressly reserves its challenges to this Court's jurisdiction and to the sufficiency of SAH's attempted service of process.

YTZ's challenges to jurisdiction and to sufficiency of service of process are detailed in its August 9, 2013, Motion to Dismiss Pursuant to Fed. R.Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6) ("YTZ's Motion to Dismiss"). *See* Doc. 25.  In short, YTZ is not a party to the November 16, 2010 Master Terms and Conditions Agreement between Plaintiff Belcaro Group, Inc. dba Shopathome.com ("SAH") and PPX ("Master Agreement"), and thus not bound by its consent to jurisdiction and to service of process by certified mail provision.  SAH's theory of jurisdiction

with respect to YTZ is premised on SAH's **incorrect** belief that YTZ is formerly known as PPX and also known as WSF Monetization ("WSF").   YTZ is not affiliated with either PPX or WSF and is not bound by the terms of the Master Agreement.   Further, YTZ, a Canadian entity, does not have sufficient contacts with the State of Colorado upon which to base either general or specific personal jurisdiction.

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations.  If jurisdiction is denied, give the specific reason for the denial.]*

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff(s):

**Plaintiff SAH**:

This action arose from QuiBids' threats of litigation against SAH, through which QuiBids claimed that SAH failed to disclose certain of its services adequately, and threatened to sue SAH for fraud and various other claims including violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA").   SAH seeks a declaration regarding the duty of QuiBids' agents, YTZ and RRM, to indemnify SAH regarding this dispute and asserts claims of express/contractual indemnity against YTZ and RRM for their failure to acknowledge their contractual indemnification obligations.

SAH's Toolbar is a browser application that SAH offers to its members for download which includes a number of features. Relevant to this dispute, when a member who has chosen to download SAH's Toolbar types in the URL of a SAH affiliate store or clicks a link to an affiliate store, the Toolbar first directs the member through the SAH website to the affiliate store, to alert the member to deals, coupons, sales, or cash back that may be available. SAH

6

members knowingly download the Toolbar, and must agree to the End-user License Agreement ("EULA") in order to do so. Members who download the Toolbar have already registered with SAH and provided their email and affirmatively agreed to the Terms and Conditions on ShopAtHome.com.   The redirect procedures are disclosed in the Master Agreements and in SAH's EULA, and similar features are used by others in the affiliate marketing industry. The redirect functionality of SAH's Toolbar is prominently disclosed in the

Master Agreements with Turn Two Media, RRM, and YTZ.

      b.   Defendant(s):

**RRM:**

    **Lack of Jurisdiction.** The allegedly applicable forum selection clause expressly governs and is limited to any claims, legal proceedings or litigation arising in connection with the Master Agreement.  The instant dispute has nothing to do with the basis of the Master Agreement.  Rather, the dispute is predicated upon Plaintiff's intentional wrongful acts, to wit, fraudulent billing and fraudulent redirection of traffic.  RRM does not otherwise have sufficient contacts with the State of Colorado upon which to base either general or specific personal jurisdiction.  In addition, numerous agreements were entered into by and between SAH and RRM, one or more of which may supersede the Master Terms.  Therefore, RRM is not subject to the jurisdiction of this Court.  Pursuant to Fed. R. Civ. P. 12(b)(2), this action should thus be dismissed with prejudice as to RRM.

    **Failure to State a Claim.**  SAH  is demanding indemnification from RRM for QuiBids claims that SAH committed intentional and unlawful acts, *i.e.*, fraud and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.[2]   The indemnification clause contained

---

[2] DAH's allegations that RRM was acting as an agent for QuiBids regarding the provision of

within the purportedly controlling Master Agreement does not require indemnification for such intentional and unlawful acts, nor could it without violating Colorado law, which prohibits indemnification for intentional torts as contrary to public policy.  Moreover, SAH's demand for indemnification from RRM is, in effect, a demand that RRM fund SAH's affirmative prosecution of its claims against QuiBids.  The purportedly controlling indemnification clause therein was not triggered by SAH's tactical decision to take the offensive and to prosecute claims against QuiBids.  Based upon the foregoing and pursuant to Fed. R. Civ. P. 12(b)(6), SAH's Second and Third Claims for Relief should be dismissed with prejudice as to RRM, for failing to state a claim upon which relief can be granted.

**YTZ:**

      **Lack of Jurisdiction.**  Because it is not a party to the Master Agreement, YTZ did not consent to the jurisdiction of this Court and did not consent to service of process by certified mail.  Further, YTZ, a Canadian entity, does not have sufficient contacts with the State of Colorado upon which to base either general or specific personal jurisdiction.  Accordingly, YTZ is not subject to the jurisdiction of this Court and was not properly served with process.  Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), this action should thus be dismissed with prejudice as to YTZ.

      **Failure to State a Claim.**  First, because it is not a party to the Master Agreement, YTZ has no contractual duty to indemnify SAH.  YTZ has not and cannot breach a contractual duty that it does not owe.

      Second, SAH is demanding indemnification from YTZ for Defendant QuiBids, LLC's ("QuiBids") claims that SAH committed intentional and unlawful acts, *i.e.*, fraud and violations

affiliate marketing services is without merit.  RRM maintained no privity of contract with QuiBids and at no time possessed authority to act on its behalf.

of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Even if YTZ was a party to the Master Agreement—which it is not—the indemnification clause therein does not require indemnification for such intentional and unlawful acts nor could it without violating Colorado law, which prohibits indemnification for intentional torts as contrary to public policy.

Third, SAH's demand for indemnification from YTZ is, in effect, a demand that YTZ fund SAH's affirmative prosecution of its claims against QuiBids.  Even if YTZ was a party to the Master Agreement—which it is not—the indemnification clause therein was not triggered by SAH's tactical decision to take the offensive and to prosecute claims against QuiBids.

For each of these three reasons, pursuant to Fed. R. Civ. P. 12(b)(6), SAH's Second and Third Claims for Relief should be dismissed with prejudice as to YTZ, for failing to state a claim upon which relief can be granted.

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A).  Do not summarize the pleadings. Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4.  UNDISPUTED FACTS

The parties were unable to stipulate to undisputed facts at this time.

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 5.  COMPUTATION OF DAMAGES

**SAH's Damages:**

SAH seeks Declaratory Relief and a finding of indemnity from YTZ and RRM.   SAH also seeks damages and costs to the extent permitted by law.

**RRM's Statement Re Computation of Damages:**

At this time, RRM does not seek to recover damages.  However, RRM does not waive and hereby expressly reserves its right to seek damages from SAH or other parties to the instant litigation.  The amounts of any such damages cannot be calculated with any certainty at this time.

**YTZ's Statement Re Computation of Damages:**

At this time, YTZ does not seek to recover damages.  However, YTZ does not waive and hereby expressly reserves its right to seek damages from SAH or other parties pending the outcome of YTZ's Motion to Dismiss.  The amounts of any such damages are not presently calculable.

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.   Date of Rule 26(f) meeting:  August 14, 2013.

b.   Names of each participant and party he/she represented.

**SAH Plaintiff:** Represented at 26(f) conference by Jack Tanner, Jennifer Golinveaux and Erin Ranahan.

**QuiBids Defendants**:  Represented at 26(f) conference by Gregory Metcalfe, John M. "Jake" Krattiger and Steven Janiszewski.

**YTZ:**  Eugene Rome, Lucas T. Ritchie.

**RRM:**  Richard B. Newman, Charles Mitchell

      c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:

      *[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

      d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).   None.

**RRM's Statement Re Proposed Changes:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), RRM objects to being required to serve its Rule 26(a)(1) initial disclosures on August 30, 2013, or at any other time prior to RRM's formal response to SAH's Complaint.  By stipulation of the parties, RRM's answer or other response is due on September 26, 2013.  Consequently, RRM proposes to serve its Rule 26(a)(1) initial disclosures no earlier than September 26, 2013.  Moreover, as set forth in Section 2 of this Scheduling Order, RRM has reserved the right to challenge personal and subject matter jurisdiction pursuant to Fed. R. Civ. P. 12.  In the event RRM seeks dismissal on jurisdictional

grounds, RRM respectfully requests that it have ten (10) days from the date that the claims between SAH and RRM become at issue, within which to serve its Rule 26(a)(1) initial disclosures. *See First American Mortgage, Inc. v. First Home Builders of Florida*, 2011 WL 1482942, *1-2  (D. Colo., April 19, 2011); *Stienmier v. Donley*, 2010 WL 1576714, *1-3 (D.Colo., April 20, 2010).


**YTZ's Statement Re Proposed Changes:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), YTZ objects to being required to serve its Rule 26(a)(1) initial disclosures on August 30, 2013, or at any other time prior to the resolution of YTZ's Motion to Dismiss.  It would be premature, unduly burdensome and prejudicial to subject YTZ—a Canadian company located in Ontario, Canada and having all of its offices, employees, officers, and directors located in Canada—to the burdens and expenses of compiling and serving Rule 26(a)(1) initial disclosures before the fundamental questions of jurisdiction and sufficiency of process have been resolved.   YTZ respectfully requests that its deadline for serving Rule 26(a)(1) initial disclosures be stayed until such time as the Court has ruled on YTZ's Motion to Dismiss.  In the event the Court denies YTZ's Motion to Dismiss, YTZ respectfully requests that it have 10 days from the date that the claims between SAH and YTZ become at issue, within which to serve its Rule 26(a)(1) initial disclosures.

YTZ's objection to serving Rule 26(a)(1) initial disclosures on or before August 30, 2013, and below objections to any discovery, formal or informal, being sought from YTZ prior to the resolution of YTZ's Motion to Dismiss, are consistent with the law authorizing a stay of discovery as to a party, which has challenged  personal jurisdiction. *See e.g.*, *First American Mortg., Inc. v. First Home Builders of Florida*, 2011 WL 1482942, *1-2  (D. Colo., April 19, 2011) (noting, "Courts have recognized that a stay [of discovery] is warranted while the issue of jurisdiction is being resolved.") *citing Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004);

*Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, *2 (D. Colo., March 30, 2006) (noting "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.").

In considering requests such as YTZ's here, "[t]he following five factors guide the Court's determination:(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *First American Mortg.*, 2011 WL 1482942 at *2 citing *String Cheese Incident, LLC,* 2006 WL 894955 at *2. Each of these factors weighs in favor of YTZ's objections. The main dispute here is between SAH and QuiBids—the claim against YTZ is for indemnity. QuiBids and SAH are proceeding with substantive discovery. Consequently, the first factor militates in favor of staying discovery as to YTZ until resolution of its Motion to Dismiss. The second factor is also met as the burden upon YTZ would be considerable. Again, this Canadian company is not a party to the Master Agreement, which is SAH's sole basis for jurisdiction and service by certified mail. Separately, even if jurisdiction did exist–which it does not–the Complaint fails to state a claim upon which relief can be granted as to YTZ. The third factor is met as deferring discovery would obviate the need for the Court to adjudicate any disputes in connection with discovery from a party that is likely to be dismissed. And, factors four and five, to the extent implicated here, are also met as resources of both YTZ's personnel and this Court would be conserved by the stay.

e.   Statement concerning any agreements to conduct informal discovery: None.

**RRM's Statement Re Informal Discovery:**

At this time, RRM does not object to the other parties' agreements regarding informal discovery, but does object to any discovery, formal or informal, being sought from RRM prior to the point at which any claims between SAH and RRM become at issue.  RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending resolution of any motion filed pursuant to Fed. R. Civ. P. Rule 12.

**YTZ's Statement Re Informal Discovery:**

At this time, YTZ does not object to the other parties' agreements regarding informal discovery, but does object to any discovery, formal or informal, being sought from YTZ prior to the resolution of YTZ's Motion to Dismiss.  YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree that they need not separately log privileged communications between the parties and their counsel of record in this litigation.  (For purposes of this agreement, Attorney Lyndon Whitmire shall be considered a counsel of record.)

**RRM's Statement Re Other Agreements:**

At this time, RRM does not object to the other parties' agreements or procedures concerning discovery, but does object to any discovery, formal or informal, being sought from RRM prior to the point at which any claims between SAH and RRM become at issue.   RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending resolution of any motion filed pursuant to Fed. R. Civ. P. Rule 12.

**YTZ's Statement Re Other Agreements:**

At this time, YTZ does not object to the other parties' agreements or procedures concerning discovery, but does object to any discovery, formal or informal, being sought from YTZ prior to the resolution of YTZ's Motion to Dismiss.   YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case.]*

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have been unable to reach an agreement as to form of production, but will attempt to cooperate in determining the most efficient method for particular productions.   SAH will object appropriately to overly burdensome disclosure and disclosure of any trade secrets including source code without adequate protection.   The parties disagree about the scope of

discovery necessary for the parties in this case, but all parties have implemented a litigation hold to preserve potentially relevant information and suspend routine deletion procedures.

The parties are negotiating a protective order and an inadvertent disclosure agreement and will submit the agreement to the Court with the request that the agreement be memorialized and adopted by the initial case management order.

**RRM's Statement Re ESI:**

At this time, RRM does not object to the other parties' agreements or procedures concerning ESI. RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending resolution of any motion filed pursuant to Fed. R. Civ. P. Rule 12.

**YTZ's Statement Re ESI:**

At this time, YTZ does not object to the other parties' agreements or procedures concerning ESI. YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

*[In such cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial- preparation materials after production of computer-generated records. Counsel should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the*

*disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

    h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

As of August 30, 2013, QuiBids and SAH have resolved their claims.

**RRM's Statement Re Prompt Settlement:**

At this time, RRM is not inclined to entertain informal resolution of this action pending resolution of any motion filed pursuant to Fed. R. Civ. P. Rule 12.

**YTZ's Statement Re Prompt Settlement:**

At this time, YTZ is not inclined to entertain informal resolution of this action pending the outcome of YTZ's Motion to Dismiss.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

## 7.  CONSENT

*[Pursuant to D.C.COLO.L.Civ.R. 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment.  Parties*

consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]

[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(I) and 33(a)(I). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, and the importance of the issues at stake in the action. See Fed. R. Civ. P. 26(g)(1)(B)(iii). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the action." See Fed. R. Civ. P. 26(b)(2)(C).]

    a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. None at this time.

[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]

    b. Limitations which any party proposes on the length of depositions. None at this time.

    c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.  None at this time.

*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

    d.   Other Planning or Discovery Orders

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]* None at this time.

**RRM's Statement Re Discovery Limitations:**

At this time, RRM does not object to the other parties' agreements or procedures concerning discovery limitations, but does object to any discovery, formal or informal, being sought from RRM prior to resolution of any motion filed pursuant to Fed. R. Civ. P. Rule 12. RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order.

**YTZ's Statement Re Discovery Limitations:**

At this time, YTZ does not object to the other parties' agreements or procedures concerning discovery limitations, but does object to any discovery, formal or informal, being sought from YTZ prior to the resolution of YTZ's Motion to Dismiss.  YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

### 9.  CASE PLAN AND SCHEDULE

    a.   Deadline for Joinder of Parties and Amendment of Pleadings:

**SAH Proposed Date**: 12/1/13

*[Set time period within which to join other parties and to amend all pleadings. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

    b.   Discovery Cut-off:

          **SAH Proposed Date**: July 1, 2014

    c.   Dispositive Motion Deadline:

          **SAH Proposed Date**:  August 1, 2014

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

    d.   Expert Witness Disclosure

      1.     The parties shall identify anticipated fields of expert testimony, if any.

      2.     Limitations which the parties propose on the use or number of expert witnesses. None at this time.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**SAH proposed date: August 1, 2014.**

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

**SAH proposes:** August 1, 2014

[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written*

*report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

      e.   Identification of Persons to Be Deposed:

SAH anticipates deposing at least the persons most knowledgeable at QuiBids, Rapid Response, and YTZ, as well as Tobias Adam, and currently anticipates that the depositions can be completed in the default seven hours per witness allotted by the Federal Rules of Civil Procedure.

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLOLCivR 30.1.]*

      f.   Deadline for Interrogatories:

**SAH Proposed Date**:  June 1, 2014

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

      g.   Deadline for Requests for Production of Documents and/or Admissions:

**SAH Proposed Date**:  June 1, 2014

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

**RRM's Statement Re Case Plan and Schedule:**

At this time, RRM does not object to the other parties' agreements or procedures concerning case plan and schedule. RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order.

**YTZ's Statement Re Case Plan and Schedule:**

At this time, YTZ does not object to the other parties' agreements or procedures concerning case plan and schedule. YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.     Status conferences will be held in this case at the following dates and times:

_____.

b .    A final pretrial conference will be held in this case on _____ at _____o'clock __m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.    Anticipated length of trial and whether trial is to the court or jury.

This will be a jury trial matter with an anticipated length of no more than two weeks.

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

**RRM's Statement Re Case Plan and Schedule:**

At this time, RRM does not object to the other parties' agreements or procedures concerning case plan and schedule.  RRM does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order.

**YTZ's Statement Re Other Scheduling Matters:**

At this time, YTZ does not object to the other parties' agreements or procedures concerning other scheduling matters.  YTZ does not waive and hereby expressly reserves its right to seek a modification of this Civil Scheduling Order pending the outcome of YTZ's Motion to Dismiss.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

**RRM's Statement Re Amendments to Scheduling Order:**

RRM expressly reserves the right to seek an amendment to this Civil Scheduling Order.

**YTZ's Statement Re Amendments to Scheduling Order:**

In the event the Court denies YTZ's Motion to Dismiss, YTZ may seek an amendment to this Civil Scheduling Order.

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

| APPROVED: | *s/ John M. Tanner* |
|---|---|
| | John M. Tanner |
| | **FAIRFIELD AND WOODS, P.C.** |
| | 1700 Lincoln Street, Suite 2400 |
| | Denver, CO 80203-4524 |
| | Telephone: (303) 830-2400 |
| | Facsimile: (303) 830-1033 |
| | Email: jtanner@fwlaw.com |
| | |
| | *s/ Jennifer A. Golinveaux* |
| | Jennifer A. Golinveaux |
| | **WINSTON & STRAWN LLP** |
| | 101 California Street |
| | San Francisco, CA 94111 |
| | Telephone: (415) 591-1506 |
| | Facsimile: (415) 591-1400 |
| | Email: jgolinveaux@winston.com |
| | |
| | *s/ Michael S. Elkin* |
| | Michael S. Elkin |
| | **WINSTON & STRAWN LLP** |
| | 200 Park Avenue |
| | New York, NY 10166-4193 |
| | Telephone: (212) 294-6700 |
| | Facsimile: (212) 294-4700 |
| | Email: melkin@winston.com |
| | |
| | *s/ Erin R. Ranahan* |
| | Erin R. Ranahan |
| | **WINSTON & STRAWN LLP** |
| | 333 S. Grand Avenue |
| | Los Angeles, CA 90071-1543 |
| | Telephone: (213) 615-1700 |
| | Facsimile: (213) 615-1750 |
| | Email: eranahan@winston.com |
| | |
| | ***Attorneys for Plaintiff*** |
| | ***Belcaro Group, Inc., d/b/a ShopAtHome.com*** |

| APPROVED: | *s/ Richard B. Newman* _____ |
|---|---|
| | Richard B. Newman |
| | HINCH NEWMAN LLP |
| | 1450 Broadway, 35th Floor |
| | New York, NY  10018 |
| | Telephone: (212) 756-8777 |
| | Email:  rnewman@hinchnewman.com |
| | |
| | Charles Mitchell |
| | JIN, SCHAUER & SAAD, LLC |
| | 600 Seventeenth Street, Suite 2700 South Tower |
| | Denver, CO 80202 |
| | Telephone: (720) 889-2237 |
| | Email:  cmitchell@jinslaw.com |
| | |
| | ***Attorneys for Defendants*** |
| | ***Rapid Response Marketing LLC*** |