# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01424-MSK-BNB

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

               Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company.

               Defendants.

---

**PLAINTIFF BELCARO GROUP, INC.'S NOTICE OF DEPOSITION OF DEFENDANT YTZ INTERNATIONAL, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Belcaro Group, Inc. will take the deposition of Defendant YTZ International, Inc. by oral examination using videotape, audiotape, and/or stenographic means.  The deposition will begin at 10:00 a.m. on September 16, 2013 at the offices of FAIRFIELD AND WOODS P.C., Wells Fargo Center, Suite 2400, 1700 Lincoln Street, Denver, CO 80203 before an officer duly authorized to administer oaths by the laws of the State of Colorado.  The deposition will continue from day to day, except for Saturdays, Sundays, and holidays, at the same place until complete and will continue from day to day until completed.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and who will have knowledge and are prepared to testify concerning the

1

matters set forth in Schedule A attached hereto.  At least five (5) business days prior to the noticed date, Defendant shall designate in writing each person who will testify on their behalf, and the matters identified Schedule A on which each designee shall testify.

## **DEFINITIONS**

1.	"SAH" refers to Plaintiff Belcaro Group, Inc. and each of its officers, directors, employees, representatives, attorneys, investigators, consultants, agents, and all others acting within its control or its attorney's control.

2.	"DEFENDANT," "YOU," and "YOUR" refer to Defendant YTZ International, Inc. and include any persons controlled by or acting on behalf of YTZ International, Inc., past or present, including without limitation all past and present officers, directors, agents, employees, licensees, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YTZ International, Inc., and any others acting on their behalf and/or pursuant to their authority and control.

3.	"PPX" refers to the affiliate marketing company that employed YOUR current employee Tobiah Adam.

4.	"PERSON" includes a natural person, firm, association, organization, partnership, business trust, corporation, government agency, or public entity, as well as its/their representatives, agents, employees, and attorneys.

5.	"MEDIA" means any magazine, periodical, book, newspaper, pamphlet, television program, flier, radio program, website, brochure, marketing material, transcript, subscription email service, RSS feed, electronic bulletin board and/or discussion group, billboard, mailing, letter, leaflet, press release or clipping, audio and/or visual recording of any

kind, podcast, blog, journal, or any other provider of news, information, or advertising in any form.

6.      "LOCATED IN COLORADO" means temporarily or permanently residing in Colorado, situated in Colorado, using a credit card that contains a billing address in Colorado, having a Colorado shipping address, or using a computer with an IP address originating in Colorado.

7.      "PURCHASE" refers to any business transaction between YOU and any PERSON, including but not limited to any transaction whereby any PERSON paid valuable consideration to YOU in exchange for any product or service (including, but not limited to, a customer paying YOU in exchange for your services).

8.      "APPEARED IN COLORADO" means published in Colorado, aired in Colorado, printed in Colorado, or viewed by any PERSON LOCATED IN COLORADO.

9.      "WEBSITE" refers to ytz.com and any web pages associated with or linked to either directly or indirectly from ytz.com.

10.    The singular form includes the plural, and vice versa.

11.    The terms "any" and "all" are interchangeable and are meant to encompass each other.

12.    As used herein the words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the Interrogatories.

Dated:  August 28, 2013               WINSTON & STRAWN LLP

By: _____

Michael S. Elkin
Attorneys for Plaintiff
BELCARO GROUP, INC.

## SCHEDULE A

1.      The nature of YOUR relationship with PPX.

2.      The nature of YOUR business with SAH.

3.      The nature of any business conducted through YOUR WEBSITE.

4.      The amount of YOUR gross sales revenues from PERSONS LOCATED IN COLORADO since 2009.

5.      The number of PERSONS LOCATED IN COLORADO who have made a PURCHASE through YOU each year since 2009.

6.      The number of PURCHASES made by PERSONS LOCATED IN COLORADO each year since 2009.

7.      The nature of any business YOU have conducted with PERSONS LOCATED IN COLORADO since 2009.

8.      The nature of any contracts YOU have entered with PERSONS LOCATED IN COLORADO since 2009.

9.      The nature of any business YOU have conducted within Colorado, including without limitation any meetings held in Colorado, trips to Colorado relating to YOUR business, operations occurring in Colorado, property owned in Colorado, and any work performed by YOUR employees, agents, or any other affiliates LOCATED IN COLORADO.

10.      The nature of any of YOUR advertisements that have APPEARED IN COLORADO in any MEDIA, including the date(s) they appeared and the form of MEDIA in which they appeared.

11.      The number of YOUR advertisements that have APPEARED IN COLORADO in any MEDIA in each calendar year YOU have been in business.

5

12.     The amount of money YOU have spent on YOUR advertisements that have APPEARED IN COLORADO in any MEDIA.

13.     Goods or services purchased by YOU from sources LOCATED IN COLORADO.

14.     YOUR employees and/or independent contractors who are LOCATED IN COLORADO.

15.     Taxes YOU have paid to the State of Colorado since 2009.

16.     The nature of all business conducted by YOU in Colorado.

17.     YOUR hiring and employment of Tobiah Adam.

LA:338933.1

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01424-MSK-BNB

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

                Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company.

                Defendants.

---

**PLAINTIFF BELCARO GROUP, INC.'S NOTICE OF DEPOSITION OF
TOBIAH ADAM**

---

TO DEFENDANT YTZ INTERNATIONAL, INC. AND ITS ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that Plaintiff Belcaro Group, Inc., through its attorneys of record, will take the deposition of Tobiah Adam at 10:00 a.m. on September 16, 2013.  The deposition will be taken at the offices of FAIRFIELD AND WOODS P.C., Wells Fargo Center, Suite 2400, 1700 Lincoln Street, Denver, CO 80203.  The deposition will be conducted upon oral examination before a court reporter duly authorized to administer oaths and may be recorded stenographically, by a method that provides for the instant visual display of the testimony received (i.e., "Live-notes"), and/or by videotape.

Dated:  August 28, 2013                    WINSTON & STRAWN LLP


By: _____
    Michael S. Elkin
    Attorneys for Plaintiff
    BELCARO GROUP, INC.

2

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01424-MSK-BNB

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

                Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company.

                Defendants.

---

**PLAINTIFF BELCARO GROUP, INC.'S NOTICE OF DEPOSITION OF SAM DENNIS**

---

TO DEFENDANT YTZ INTERNATIONAL, INC. AND ITS ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that Plaintiff Belcaro Group, Inc., through its attorneys of record, will take the deposition of Sam Dennis at 10:00 a.m. on September 16, 2013.  The deposition will be taken at the offices of FAIRFIELD AND WOODS P.C., Wells Fargo Center, Suite 2400, 1700 Lincoln Street, Denver, CO 80203.  The deposition will be conducted upon oral examination before a court reporter duly authorized to administer oaths and may be recorded stenographically, by a method that provides for the instant visual display of the testimony received (i.e., "Live-notes"), and/or by videotape.

Dated:  August 28, 2013                    WINSTON & STRAWN LLP


By:  _____
     Michael S. Elkin
     Attorneys for Plaintiff
     BELCARO GROUP, INC.


2

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01424-MSK-BNB

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

           Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company.

           Defendants.

---

**PLAINTIFF BELCARO GROUP, INC.'S INTERROGATORIES RELATED TO
PERSONAL JURISDICTION TO DEFENDANT YTZ INTERNATIONAL, INC.**

---

      PLEASE TAKE NOTICE that Plaintiff Belcaro Group, Inc. hereby requests that Defendant YTZ International, Inc. respond to these Interrogatories.  Defendant's responses must be served within 14 days from service of these Interrogatories.

**DEFINITIONS**

      1.      "SAH" refers to Plaintiff Belcaro Group, Inc. and each of its officers, directors, employees, representatives, attorneys, investigators, consultants, agents, and all others acting within its control or its attorney's control.

      2.      "DEFENDANT," "YOU," and "YOUR" refer to Defendant YTZ International, Inc. and include any persons controlled by or acting on behalf of YTZ International, Inc., past or present, including without limitation all past and present officers, directors, agents, employees, licensees, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies,

1

persons or entities acting in joint venture or partnership relationships with YTZ International, Inc., and any others acting on their behalf and/or pursuant to their authority and control.

3.      "PPX" refers to the affiliate marketing company that employed YOUR current employee Tobiah Adam.

4.      "IDENTIFY" means:

(i)      With respect to a person, that person's full name, relationship to DEFENDANT, and last known home and business address;

(ii)     With respect to a corporation, partnership, or other business entity, that entity's full name including any trade names, form of organization, and address of principal place of business;

(iii)    With respect to a DOCUMENT (as defined herein) or thing, a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Fed. R. Civ. P. 34 which will include, where applicable, the document or thing's title, date, author(s) or creator(s), recipient(s) and present location;

(iv)    With respect to a COMMUNICATION (as defined herein), a description including the names of the parties to the communication, the date of the communication, the substance of the communication, and all documents containing or relating to the communication.

5.      "PERSON" includes a natural person, firm, association, organization, partnership, business trust, corporation, government agency, or public entity, as well as its/their representatives, agents, employees, and attorneys.

6.     "MEDIA" means any magazine, periodical, book, newspaper, pamphlet, television program, flier, radio program, website, brochure, marketing material, transcript, subscription email service, RSS feed, electronic bulletin board and/or discussion group, billboard, mailing, letter, leaflet, press release or clipping, audio and/or visual recording of any kind, podcast, blog, journal, or any other provider of news, information, or advertising in any form.

7.     "LOCATED IN COLORADO" means temporarily or permanently residing in Colorado, situated in Colorado, using a credit card that contains a billing address in Colorado, having a Colorado shipping address, or using a computer with an IP address originating in Colorado.

8.     "PURCHASE" refers to any business transaction between YOU and any PERSON, including but not limited to any transaction whereby any PERSON paid valuable consideration to YOU in exchange for any product or service (*e.g.*, a customer paying YOU in exchange for bids).

9.     "APPEARED IN COLORADO" means published in Colorado, aired in Colorado, printed in Colorado, or viewed by any PERSON LOCATED IN COLORADO.

10.     "WEBSITE" refers to ytz.com and any web pages associated with ytz.com or linked to either directly or indirectly from ytz.com.

11.     The singular form includes the plural, and vice versa.

12.     The terms "any" and "all" are interchangeable and are meant to encompass each other.

13.     As used herein the words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the Interrogatories.

## INSTRUCTIONS

1.     Pursuant to the Federal Rules of Civil Procedure, these Interrogatories shall be deemed continuing in nature so as to require further and supplemental response by YOU in the event YOU obtain or discover additional information or DOCUMENTS between the time of initial response and the time of hearing or trial.

2.     All objections to these Interrogatories shall be made in writing and delivered to the offices of FAIRFIELD AND WOODS, P.C, 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203-4524, within 14 days after service thereof.

3.     These Interrogatories are not limited to any designated time period.

4.     In answering these Interrogatories, YOU must make a diligent search of YOUR records and of DOCUMENTS in YOUR possession, custody or control.  YOU are required to furnish all information that is available to YOU or subject to YOUR reasonable inquiry, including information in the possession of YOUR attorneys, accountants, advisors or the persons directly or indirectly employed by or connected with YOU or YOUR attorneys, and anyone else otherwise subject to YOUR control.

5.     If any DOCUMENTS, the identity of which have been called for by these Interrogatories have been lost, discarded, or destroyed, the DOCUMENTS so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitation, the following information:  date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

6.      If YOU elect to answer any Interrogatory pursuant to Fed. R. Civ. P. 33(d), SAH requests that YOU identify the particular DOCUMENTS relating to the subject matter of the specific Interrogatory and, separately for each DOCUMENT, the date the DOCUMENT bears, the title of the DOCUMENT, if any, the identity of the authors of the DOCUMENT, the identity of each addressee or recipient of the DOCUMENT, the type and subject matter of the DOCUMENT, and the present location or custodian of the DOCUMENT.

7.      If YOU cannot answer an Interrogatory in full, YOU are hereby directed to answer it to the fullest extent possible, specify the reasons for YOUR inability to answer the remainder, and state whatever information or knowledge YOU have concerning the unanswered portion.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State YOUR gross sales revenues from PERSONS LOCATED IN COLORADO for each calendar year since 2009.

**INTERROGATORY NO. 2:**

State the number of PERSONS LOCATED IN COLORADO who have made a PURCHASE for each calendar year since 2009.

**INTERROGATORY NO. 3:**

State the number of PURCHASES made by PERSONS LOCATED IN COLORADO for each calendar year since 2009.

**INTERROGATORY NO. 4:**

Describe in detail the nature of any business YOU have conducted with PERSONS LOCATED in Colorado.

**INTERROGATORY NO. 5:**

Describe in detail the nature of any business YOU have conducted within Colorado, including without limitation any meetings held in Colorado, operations occurring in Colorado, property owned in Colorado, and any work performed by YOUR employees, agents, or any other affiliates LOCATED IN COLORADO.

**INTERROGATORY NO. 6:**

IDENTIFY all advertisements for YOU and/or YOUR products or services that APPEARED IN COLORADO in any MEDIA.

**INTERROGATORY NO. 7:**

Describe in detail the nature of any of YOUR advertisements that have APPEARED IN COLORADO in any MEDIA, including the date(s) they appeared and the form of MEDIA in which they appeared.

**INTERROGATORY NO. 8:**

Describe in detail the nature of any business conducted on YOUR WEBSITE.

**INTERROGATORY NO. 9:**

State the amount of money YOU have spent on an annual basis on YOUR advertisements that have APPEARED IN COLORADO in any MEDIA since 2009.

**INTERROGATORY NO. 10:**

Describe in detail all goods or services purchased by YOU from sources LOCATED IN COLORADO.

**INTERROGATORY NO. 11:**

IDENTIFY all of YOUR employees and/or independent contractors who are LOCATED IN COLORADO.

**INTERROGATORY NO. 12:**

State the amount of taxes YOU have paid to the State of Colorado on an annual basis since 2009.

**INTERROGATORY NO. 13:**

Describe in detail the nature of YOUR relationship with PPX.

**INTERROGATORY NO. 14:**

Describe in detail the circumstances surrounding Tobiah Adam's departure from PPX and subsequent hiring by YOU.

**INTERROGATORY NO. 15:**

Explain the basis for the statement on YOUR website (http://ytz.com/faq, last visited August 27, 2013) that YOU have "worked with redirect traffic for over 5 years, and in affiliate marketing since 2001."

**INTERROGATORY NO. 16:**

Describe in detail the circumstances under which Tobiah Adam and/or YOU began doing business with SAH.

**INTERROGATORY NO. 17:**

Describe in detail the nature of all business conducted by YOU in Colorado to the extent not described in response to other Interrogatories.

Dated:  August 28, 2013    WINSTON & STRAWN LLP


By: *Michael S Elkin* /DATE

Michael S. Elkin
Attorneys for Plaintiff
BELCARO GROUP, INC.

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01424-MSK

BELCARO GROUP, INC. d/b/a SHOPATHOME.COM, a Colorado corporation,

        Plaintiff,

v.

QUIBIDS LLC, an Oklahoma limited liability company,
QUIBIDS HOLDINGS LLC, a Delaware limited liability company,
YTZ INTERNATIONAL INC. f/k/a PPX and a/k/a WSF MONETIZATION, a Canada corporation, and
RAPID RESPONSE MARKETING LLC f/k/a XY7.COM and a/k/a XY7ELITE.COM, a Nevada limited liability company.

        Defendants.

---

**PLAINTIFF BELCARO GROUP, INC.'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS RELATED TO PERSONAL JURISDICTION TO
DEFENDANT YTZ INTERNATIONAL, INC.**

---

        Plaintiff Belcaro Group, Inc. requests that YTZ International, Inc. produce for inspection and copying the documents and things listed below 14 days from service of this request to the offices of FAIRFIELD AND WOODS, P.C, 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203-4524, or at another location mutually agreed upon by both parties.

**DEFINITIONS**

        1.    "DEFENDANT," "YOU," and "YOUR" refer to Defendant YTZ International, Inc. and include any persons controlled by or acting on behalf of YTZ International, Inc., past or present, including without limitation all past and present officers, directors, agents, employees, licensees, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YTZ International, Inc., and any others acting on their behalf and/or pursuant to their authority and control.

1

2.       "SAH" refers to Plaintiff Belcaro Group, Inc. and each of its officers, directors, employees, representatives, attorneys, investigators, consultants, agents, and all others acting within its control or its attorney's control.

3.       "PPX" refers to the affiliate marketing company that employed YOUR current employee Tobiah Adam.

4.       "PERSON" includes a natural person, firm, association, organization, partnership, business trust, corporation, government agency, or public entity, as well as its/their representatives, agents, employees, and attorneys.

5.       "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure and shall include, but are not limited to, all original written, recorded, graphic, or photographic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, telegrams, telexes, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blueprints, telephone calls, meetings, or other communications, as well as any information or material stored in electronic, mechanical, or magnetic media, such as audio or video tapes, DLT tapes, cassettes, computer or floppy disks, ZIP disks, ZIP drives, microfilms, email, archived or deleted email, log files, .wav or audio files, CD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, and any information stored on the hard drive of any computer, and any other tangible things within the scope of the Federal Rules of Civil Procedure.

6.　　"COMMUNICATION" and "COMMUNICATIONS" mean any form of interpersonal communication, by and through any means, including without limitation telephone conversations, correspondence, memoranda, contracts, agreements, email, speech, writings, language (computer, foreign, or otherwise), magnetic tape, videotape, photographs, graphs, "floppy disks," compact disks, CD-ROM, teletype, facsimile, telegram, photographic film, and/or any other media of any kind that is intended to or actually does convey information or data.

7.　　"CONCERNING" means constituting, evidencing, memorializing, related to, referring to, pertaining to, reflecting, or otherwise pertaining in any way, in whole or in part, to the subject matter referred to in the request.

8.　　"CONTRACT" refers to any written agreement of any kind.

9.　　"PURCHASE" refers to any business transaction between YOU and any PERSON, including but not limited to any transaction whereby any PERSON paid valuable consideration to YOU in exchange for any product or service.

10.　　"MEDIA" means any magazine, periodical, book, newspaper, pamphlet, television program, flier, radio program, website, brochure, marketing material, transcript, subscription email service, RSS feed, electronic bulletin board and/or discussion group, billboard, mailing, letter, leaflet, press release or clipping, audio and/or visual recording of any kind, podcast, blog, journal, or any other provider of news, information, or advertising in any form.

11.　　"LOCATED IN COLORADO" means temporarily or permanently residing in Colorado, situated in Colorado, using a credit card that contains a billing address in Colorado,

having a shipping address in Colorado, or using a computer with an IP address originating in Colorado.

  12. "APPEARED IN COLORADO" means published in Colorado, aired in Colorado, printed in Colorado, or viewed by any PERSON LOCATED IN COLORADO.

  13. "WEBSITE" refers to ytz.com and any web pages associated with ytz.com or linked to either directly or indirectly from ytz.com.

  14. The singular form includes the plural, and vice versa.

  15. The terms "any" and "all" are interchangeable and are meant to encompass each other.

  16. As used herein the words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the Requests.

## INSTRUCTIONS

  1. If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery, answer so much of the discovery request as is not subject to the claimed objection and, for each document or thing:

  a. State whether the item shall not be produced because:

    1) It is claimed to be privileged; or

    2) It once existed but can no longer be located; or

    3) It has been lost; or

    4) It has been destroyed; and

  b. If, under a claim of privilege, any documents or things are not produced, you must state for each document:

4

       1)     the type and title of the document or thing; and

       2)     the general subject matter of the content of the document or description of the thing; and

       3)     the date of its creation and/or revision; and

       4)     the identity of the document's author(s), addressee(s), and recipient(s); and

       5)     the nature of the privilege being claimed; and

       6)     in detail, all facts upon which you base your claim of privilege.

2.     In producing these documents and things, you are requested to identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.     You are to produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

4.     Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

5.     You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING PPX.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting YOUR total sales revenues derived from PERSONS LOCATED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and PPX.

**REQUEST FOR PRODUCTION NO. 4:**

All CONTRACTS between YOU and PPX.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS CONCERNING PPX.

**REQUEST FOR PRODUCTION NO. 6:**

All media schedules reflecting advertising on YOUR behalf that APPEARED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS CONCERNING advertisements for YOU and/or YOUR products or services that APPEARED IN COLORADO in any MEDIA.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING the amount of money YOU spent on advertising that APPEARED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to establish the number of PERSONS LOCATED IN COLORADO who have made a PURCHASE and when each PURCHASE was made.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to establish the number of the PURCHASES made by

PERSONS LOCATED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS CONCERNING goods or services purchased by YOU from sources

LOCATED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to identify all of YOUR employees and independent

contractors who are LOCATED IN COLORADO.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS CONCERNING taxes YOU have paid to the State of Colorado since

2009.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between Tobiah Adam and YOU prior to his employment

with YOU.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING Tobiah Adam's employment with YOU.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS to or from Tobiah Adam in which Mr. Adam uses a PPX

signature block or otherwise identifies himself as being affiliated with PPX.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS CONCERNING any business conducted through YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS CONCERNING business conducted by YOU in Colorado to the extent not produced in response to other requests.

Dated:  August 28, 2013                    WINSTON & STRAWN LLP

                                          By:  _____
                                               Michael S. Elkin
                                               Attorneys for Plaintiff
                                               BELCARO GROUP, INC.

8