IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1424-MSK-BNB

BELCARO GROUP, INC., a Colorado corporation doing business as SHOPATHOME.COM,

    Plaintiff,

v.

YTZ INTERNATIONAL INC., a Canada corporation formerly known as PPX, also known as WSF Monetization.

    Defendant.

## STIPULATED PROTECTIVE ORDER

    Each Party stipulates to, and moves the Court to enter, this Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Protective Order shall govern the treatment of Confidential Information (as defined in paragraph 2 below). As grounds, the Parties state the following:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate the possibility of seeking additional Confidential Information during any further discovery and that there may be questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have stipulated to this Protective Order which they request the Court to enter for the purpose of preventing the disclosure and use of Confidential Information except as set forth below.

1

{JK00521159.1}



EXHIBIT A

2.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated in good faith by one of the Parties in the manner provided in paragraph 3 below as containing: trade secrets or confidential financial information.

3.  Where Confidential Information is produced, provided or otherwise disclosed by a Party to the other Party in the course of discovery, it shall be so designated in the following manner:

   a. With respect to any document produced, by imprinting the word "Confidential" on the first page or cover;

   b. With respect to any response to a discovery request, by imprinting the word "Confidential" on, next to or above the response; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" on the record at the time or no later than ten calendar days after counsel's receipt of the transcribed testimony.

4.  All Confidential Information so designated by a Party with respect to any document produced, in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purposes of this litigation and not for any business or other purpose whatsoever.

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

c. It may be communicated or disclosed by any Party or any Party's counsel to the following upon their being informed of the provisions of this Protective Order: (i) employees of a Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (ii) non-attorney support personnel employed by a Party's counsel such as paralegals, secretaries, data entry personnel, legal clerks, and the like; (iii) non-attorney support personnel retained by a Party or a Party's counsel such as outside data entry, photocopying or image scanning services, computer database creation services, and the like; (iv) court reporting services; and (v) court personnel.

d. It shall not be communicated or disclosed by any Party or any Party's counsel to any person other than those set forth in paragraph 4.c. above unless such other person executes a declaration in the form of attached Exhibit A prior to receiving the communication or disclosure.

5. Individuals authorized to review or receive Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and, except for purposes of this litigation, shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. When any Party or any Party's counsel communicates or discloses Confidential Information pursuant to paragraph 4.d. above, counsel for the communicating or disclosing side ("Disclosing Counsel") shall be responsible for assuring compliance with the terms of this Protective Order by the recipients of the Confidential Information, and shall obtain and retain the original declarations signed by those recipients, and shall maintain a list of those recipients.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by Disclosing Counsel pursuant to

3

paragraph 6 above upon a showing (i) of substantial need in order to establish the source of a purported unauthorized disclosure of Confidential Information and (ii) that opposing counsel is unable otherwise to identify the source of the disclosure. If Disclosing Counsel disagrees with opposing counsel's showing of substantial need, then opposing counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation or individuals authorized to review or receive Confidential Information pursuant to this Protective Order and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, Disclosing Counsel shall retain custody of Confidential Information, except that individuals authorized to review or receive Confidential Information pursuant to this Protective Order shall retain custody of copies made pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform designating counsel in writing of the specific grounds for objecting to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such disagreement. If after such good faith attempt, all counsel are unable to resolve their disagreement, designating counsel may move for an order designating the contested information as Confidential Information. Any such motion shall be filed within 14 days of receipt by designating counsel of notice of opposing counsel's objection, and the information shall be treated as having Confidential Information status from the time it is designated until a ruling by the Court on the motion.

11. Use of Confidential Information in court proceedings:

{JK00521159.1}

  a. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.

  b. In the event a Party seeks to use, quote or discuss Confidential Information in pleadings, briefs or in open court, the Party doing so shall move to file the documents with the court "under seal". Any such motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) (information that might harm litigant's competitive standing ) (cited in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

 12. The termination of this action shall not relieve counsel or other persons obligated under this Protective Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

 13. By stipulating to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

 14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the opposing Party all Confidential Information provided by the opposing Party subject to this Protective Order, including all extracts, abstracts, charts, summaries, notes or copies made. At that time, each Party's counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which such counsel shall have maintained pursuant to paragraph 6 above, and counsel shall provide the

Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated November___, 2013.

BY THE COURT

_____
Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED TO:

**FAIRFIELD AND WOODS, P.C.**

*s/ John M. Tanner*
John M. Tanner
John M. Tanner
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
Email: jtanner@fwlaw.com

and
Jennifer A. Golinveaux
**WINSTON &STRAWN LLP**
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
(415) 591-1506 (Telephone)

*s/ Lucas T. Ritchie*
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 BROADWAY, SUITE 3150
Denver, CO 80202
Telephone: (303) 573-1600
Email:  lritchie@joneskeller.com
           agoldhamer@joneskeller.com

and
Eugene Rome
Elizabeth Wang
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 282-0690

(415) 591-1400 (Facsimile)

Michael S. Elkin
**WINSTON &STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
melkin@winston.com
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Erin R. Ranahan
**WINSTON &STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
eranahan@winston.com
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

*Attorneys for Plaintiff BELCARO GROUP, INC., d/b/a SHOPATHOME.COM*

Email: erome@romeandassociates.com
isaura@romeandassociates.com

*Attorneys for Defendant YTZ International Inc.*

## Exhibit A

## DECLARATION

I, _____, pursuant to 28 U.S.C. § 1746, hereby declares:

1.    I have read the Protective Order in *Belcaro Group, Inc. v. YTZ International Inc.*, U.S. District Court for the District of Colorado Civil Action No. 13-cv-1424-MSK-BNB, a copy of which is attached to this Declaration.

2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration are Confidential Information as defined in the Protective Order.

3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.    I will abide by the terms of the Protective Order.

6.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone Number:

_____